# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| ANITA RICHARDSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-10-1238-D |
| CIGNA CORPORATION d/b/a LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
| Defendant. | ) |

## ORDER

Before the Court are the motions to dismiss filed by Life Insurance Company of North America ("LINA") [Doc. No. 8] and by CIGNA Corporation ("CIGNA") [Doc. No. 9]. Plaintiff filed a joint response in opposition to the two motions, and LINA filed a reply.

Initially, the Court notes that the filing of two motions to dismiss would normally be procedurally improper, as LINA and CIGNA are not named as separate defendants. Instead, Plaintiff names only CIGNA as defendant, and characterizes it as "doing business as" LINA. Notwithstanding that fact, LINA and CIGNA filed separate motions to dismiss, and each asserts a different basis for dismissal. In their motions, LINA and CIGNA acknowledge that a party is required to consolidate all Rule 12 motions in a single filing. *See* Fed. R. Civ. P. 12(g). However, they ask the Court to consider their separate arguments because the primary focus of CIGNA's motion is that, contrary to Plaintiff's allegations, CIGNA and LINA are separate corporate entities and CIGNA had no role in the actions underlying Plaintiff's claims; LINA also asserts that argument. Plaintiff's joint response to the motions does not challenge the propriety of the filing of

separate motions. Given these unique circumstances, the Court will consider the issues raised in both motions.[1].

## Background

Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiff is a resident of Norman, Oklahoma and former employee of the Shaklee Corporation. Through her employer, she participated in the Shaklee Corporation Group Long Term Disability Plan ("Plan"), a plan governed by ERISA. *See* 29 U.S.C. § 1002. Plaintiff alleges she developed various medical problems, and was unable to work because of headaches, nerve problems, bulging discs, depression, and other impairments. As a result, Plaintiff filed a claim for long term disability ("LTD") benefits pursuant to the Plan. In her Complaint, Plaintiff alleges CIGNA, doing business as LINA, wrongfully denied her LTD claim and her subsequent administrative appeal of that denial. In their separate motions, LINA and CIGNA seek dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## Analysis

**A) LINA's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted**.

Although LINA entitles its motion [Doc. No. 8] as a Motion to Dismiss based on Fed. R. Civ. P. 12(b)(2), its brief contains no argument challenging this Court's exercise of personal jurisdiction over LINA. Instead, it argues the Complaint fails to state a claim against LINA on which relief can be granted, thus seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, LINA contends the allegations in the Complaint establish that Plaintiff cannot state a claim for relief

---

[1]Counsel is reminded, however, that leave to file two motions should have been requested in advance; failure to follow this procedure typically results in the striking of the motions.

because this action is time barred. Plaintiff's response brief also characterizes LINA's motion as seeking dismissal for failure to state a claim. Accordingly, the Court will analyze LINA's motion under Rule 12(b)(6).

To avoid dismissal for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009). When making the dismissal determination, a court must accept all the well-pleaded allegation of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at *555*; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, a court need not accept as true allegations that provide only "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 at 555; *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

LINA does not challenge the sufficiency of Plaintiff's factual allegations regarding the elements of her ERISA claim. Instead, it argues only that those allegations establish the Plan's three-year statute of limitations expired prior to the filing of this lawsuit. Thus, the sole basis for seeking dismissal is expiration of the statute of limitations.

"Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (unpublished opinion) (quoting *Aldrich v. McCulloch Properties, Inc.*, 627 F. 2d 1036, 1041 n. 4 (10th Cir. 1980)).

3

As LINA correctly notes, the factual allegations in the Complaint show that LINA initially denied Plaintiff's claim on August 24, 2004. Complaint ¶ 11. The allegations also show that Plaintiff exercised her right to appeal that decision, and her appeal was denied on April 11, 2006. Complaint ¶ 12. This lawsuit was filed on November 17, 2010, more than three years after the final denial of her claim. Pursuant to the Plan on which Plaintiff's claim is based, suit must be filed no later than three years after the claimant receives notice of the final denial of a claim. Thus, LINA argues the allegations establish that this action was not timely filed. Alternatively, LINA argues that the Court should, at a minimum, presume Plaintiff received notice of LINA's denial in October 2007, which is also more than three years before Plaintiff filed suit.

As LINA concedes, a motion pursuant to Rule 12(b)(6) generally does not permit consideration of material outside the pleadings. However, as LINA argues, a Rule 12(b)(6) motion permits the Court to examine material submitted as an exhibit to a pleading or incorporated or referenced in the Complaint; documents relied upon by a plaintiff as an integral basis for her claims may also be considered. *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006)(citing *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir.1994)). Where documents are central to a plaintiff's claims, they may be properly considered in connection with a motion to dismiss, and conversion to summary judgment is not required. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384-85 (10th Cir.1997).

In this case, Plaintiff did not attach to her Complaint a copy of the Plan; however, she expressly references the Plan and relies upon it as an integral basis for her claims. Furthermore, she does not dispute that the Plan, submitted as Exhibit A to LINA's brief, contains a three-year

4

limitations period for challenging a denial of benefits in a federal court action. She also does not dispute that the limitations period commences on the date the Plan participant was notified of the denial of her appeal. The Court concludes that, under these circumstances, the relevant undisputed Plan provisions may be considered without converting LINA's motion to a motion for summary judgment.

In responding to LINA's motion, Plaintiff concedes that, in the Complaint, she lists April 11, 2006 as the date her claim for benefits was denied upon appeal. She also concedes that this date is more than three years before she filed suit. Plaintiff argues, however, that she did not receive notice of Defendant's denial of her claims until December 4, 2007, at which point the three year period started. According to her counsel, he inadvertently failed to allege in the Complaint that the denial notice was not received until December 4, 2007. Plaintiff asks the Court to deny the motion to dismiss on this basis or, alternatively, allow her to amend her Complaint to include the allegation regarding the date on which she received the denial notice. In support of that contention, she attaches to her response copies of correspondence evidencing the fact that the denial notice was not received until December 4, 2007.

LINA argues that Plaintiff's inclusion of letters and counsel's affidavit transforms the motion into a motion for summary judgment because it requires consideration of material outside the scope of the pleadings. Unlike the Plan which is referenced in the Complaint, the affidavit and correspondence submitted by Plaintiff are not mentioned in the Complaint. Although LINA is correct that consideration of such material generally requires converting the motion to one seeking summary judgment, conversion is not required where the Court excludes the material from its consideration of the motion. *See* Fed. R. Civ. P. 12(d).

In this case, the Court need not review the material submitted by Plaintiff in order to rule on the motion to dismiss or on Plaintiff's request to file an Amended Complaint. To rule on LINA's motion, the Court need not determine the exact date on which the notice of denial was received. The Complaint, as presented, shows on its face that the limitations period has expired; accordingly, LINA's motion must be granted.

Plaintiff's contention regarding the date on which she received the denial notice is, however, pertinent to her request to amend the Complaint upon dismissal. Plaintiff's counsel expressly states in the response brief that he inadvertently failed to allege in the Complaint that Plaintiff did not receive the notice of denial until December 4, 2007. He asks the Court to authorize an Amended Complaint to permit Plaintiff to correct this error. He further argues that the Amended Complaint may properly include the allegation regarding the date on which notice was received, and contends the evidence will show the notice was not received until December 4, 2007.

When leave to amend after dismissal is requested, the question is whether there is a basis to allow Plaintiff to file an Amended Complaint or whether leave to amend would be futile. "[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (citations omitted). A court may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

In this case, given counsel's express representations in the response brief, the Court cannot conclude that it would be futile to permit Plaintiff to file an Amended Complaint to correct what

counsel represents as an error. Because counsel's representations in the brief must be made in good faith and in accordance with Fed. R. Civ. P. 11, the Court will accept that representation, and leave to amend will be authorized. If the accuracy of the date on which notice was received is disputed, LINA may pursue that issue in a future motion.

**B) CIGNA's motion to dismiss for lack of personal jurisdiction.**

CIGNA's motion [Doc. No. 9] seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2); it argues the Court cannot exercise personal jurisdiction over CIGNA because it lacks sufficient contacts with Oklahoma. CIGNA also argues that LINA, not CIGNA, denied Plaintiff's claim, that CIGNA and LINA are separate entities, and CIGNA had no control over LINA's decisions regarding Plaintiff's claim. LINA's brief adopts CIGNA's arguments that LINA and CIGNA are separate entities, and expressly states that CIGNA had no role in any decision regarding Plaintiff's claim.

Plaintiff's joint response to the motions does not address CIGNA's argument regarding personal jurisdiction, nor does she dispute its contentions regarding its legal relationship with LINA or that LINA made all decisions regarding her claims. Instead, Plaintiff's argument is confined to LINA's contention that her claim is untimely.

CIGNA argues that it is entitled to dismissal because it lacks sufficient minimum contacts with Oklahoma to permit this Court to exercise personal jurisdiction. It is well established that, to be subject to the personal jurisdiction of the court, a nonresident defendant must have sufficient contacts with the forum state to satisfy the requirements of due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Peay v. BellSouth Medical Assistance Plan*, 205 F. 3d 1206, 1209 (10th Cir. 2000).

CIGNA's motion presents the traditional analysis of personal jurisdiction applied in actions in which subject matter jurisdiction is based on diversity of citizenship. "The analysis of the personal jurisdiction question in diversity cases generally involves a 2-step inquiry: courts must determine whether the exercise of jurisdiction is consistent with: (1) the long-arm statute of the forum state; and (2) the due process clause of the fourteenth amendment." *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W. D. Okla. 1990). In Oklahoma, that test becomes a single inquiry because Oklahoma's long-arm statute extends to the full extent of due process. *Rambo v. American Southern Ins. Co.*, 839 F. 2d 1415, 1416 (10th Cir. 1988).

In this case, however, subject matter jurisdiction is based on a federal question; Plaintiff's only claims are based on the ERISA statutes. The personal jurisdiction analysis in a federal question action differs where the federal statute at issue authorizes nationwide service of process; ERISA is a federal statute which authorizes nationwide service of process is the statutory basis for personal jurisdiction. *See Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206 (10th Cir. 2000). "'When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction.'" *Id.* at 1210 (quoting *Republic of Panama v. BCCI Holdings, SA.,* 119 F. 3d 935, 942 (11th Cir. 1997)). Instead of the traditional Fourteenth Amendment due process analysis applicable in diversity cases, the Court must apply a Fifth Amendment due process analysis; to exercise personal jurisdiction over a non-resident defendant subject to statutory nationwide service of process, the Court must find that such exercise would not infringe upon the defendant's Fifth Amendment due process rights. *Peay*, 205 F. 3d at 1210 (citing *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) (in a federal question case, exercise of personal jurisdiction must satisfy the Fifth Amendment rather than the Fourteenth Amendment)). In an ERISA case where

jurisdiction is invoked based on authorization of nationwide service of process, "the due process requirements of the Fifth Amendment will ordinarily be satisfied and the exercise of personal jurisdiction over a non-resident defendant will be proper" unless the forum "is 'unduly inconvenient'" to the defendant. *Lee v. American Airlines, Inc.*, 2010 WL 4721547, at *2 (N.D. Okla. Nov. 15, 2010) (unpublished opinion) (quoting *Peay*, 205 F. 3d at 1212).

In its motion, CIGNA does not address the impact of ERISA's nationwide service of process provision on the traditional personal jurisdiction analysis. It does not argue that this forum is "unduly inconvenient" to CIGNA; instead, it confines its arguments to the traditional personal jurisdiction analysis applicable where nationwide service of process is not authorized. It submits the affidavit of its Accounting Director, Franklin C. Barlow ("Barlow affidavit"), containing factual allegations designed to support dismissal under the traditional personal jurisdiction analysis. CIGNA Motion and Brief, Ex. A, ¶¶ 2, 5, and 6.

In support of dismissal for lack of jurisdiction, CIGNA relies on the decision in *Lee*, contending the *Lee* court considered the same issues as those presented here, and granted CIGNA's motion to dismiss. Although CIGNA is correct that the *Lee* court considered the same jurisdictional argument as CIGNA asserts in this case, the *Lee* court did not dismiss CIGNA for lack of personal jurisdiction. In fact, the court expressly noted that the parties failed to address the altered personal jurisdiction analysis required where the plaintiff's claim is based on a federal law authorizing nationwide service of process; the parties did not address whether the forum was "unduly inconvenient" to CIGNA, as required by *Peay*. *Lee*, 2010 WL 4721547, at *2 (citing *Peay*, 205 F. 3d at 1212). Because CIGNA did not argue the forum was unduly inconvenient to it, the *Lee* court did not dismiss CIGNA for lack of personal jurisdiction. *Id.* However, CIGNA had also asserted

9

a Rule 12(b)(6) motion to dismiss, arguing Plaintiff failed to state a claim on which relief against CIGNA could be granted; thus, the court analyzed the Plaintiff's allegations according to the standards governing dismissals for failure to state a claim. As the *Lee* court observed, "[t]he parties are not truly disputing whether the Court has personal jurisdiction over CIGNA. Instead, the actual dispute is whether CIGNA is merely a holding company or if it is the insurer that actually denied plaintiff's claim for LTD benefits." *Lee,* 2010 WL 4721547, at *2. The court granted CIGNA's motion to dismiss for failure to state a claim, finding the Complaint and the documents referenced and incorporated therein established LINA was the sole decision-maker regarding the plaintiff's LTD claim, and there was no legal relationship between LINA and CIGNA which could potentially render CIGNA liable to the plaintiff. *Id.* at *3-4.

In this case, as in *Lee,* CIGNA has failed to argue this forum is unduly inconvenient, as required by *Peay*. Its failure to do so precludes dismissal for lack of personal jurisdiction. Accordingly, CIGNA's Rule 12(b)(2) motion must be denied. It appears to the Court that, for the reasons set forth in *Lee,* dismissal of CIGNA in this case would be warranted pursuant to Rule 12(b)(6).[2] However, CIGNA does not seek dismissal on that basis. Its only asserted basis for dismissal is lack of personal jurisdiction.

---

[2]The Barlow affidavit sets out factual contentions showing that CIGNA is a holding company, is not an insurance company, and had no role in any decision regarding the Plan or Plaintiff's LTD benefits claim; the affidavit also avers that LINA and CIGNA are separate corporate entities, and CIGNA has no role in LINA's day-to-day affairs. Barlow Affidavit, CIGNA Ex. A, ¶¶ 3, 7, and 8. Plaintiff does not dispute these contentions; in fact, she fails to address the Barlow Affidavit, and her response contains no argument regarding the relationship between CIGNA and LINA.

Although the Court could consider *sua sponte* dismissal of CIGNA pursuant to Rule 12(b)(6),[3] it need not do so in this case. Plaintiff has been granted leave to file an amended complaint to correct the deficiencies in her allegations against LINA. Because she wholly failed to address CIGNA's arguments in her response brief, it appears to the Court that she concedes LINA is the only proper defendant in this case, and would not have a good faith basis for naming CIGNA as a defendant in an amended complaint. In fact, Plaintiff's response, although directed at the motions of both CIGNA and LINA, focuses exclusively on the statute of limitations issue raised by LINA. Plaintiff does not dispute the statements of CIGNA and LINA that CIGNA had no role in the processing, consideration, or denial of her claim and that LINA had sole responsibility with regard to those matters. In fact, Plaintiff's brief does not mention these contentions, and offers no argument that CIGNA is a proper defendant. Because Plaintiff has conceded these issues, the Court does not anticipate that CIGNA will be named as a defendant in the amended complaint. If, however, Plaintiff again names CIGNA as a defendant, it may assert an appropriate argument for dismissal in response to the amended complaint.

**Conclusion**

For the foregoing reasons, LINA's motion to dismiss [Doc. No. 8] is GRANTED. Plaintiff is authorized to file an Amended Complaint to cure the deficiencies noted herein. CIGNA's motion

---

[3] A district court may dismiss a claim *sua sponte* under Rule 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Justice v. Oklahoma Dept. of Human Services Child Welfare*, 122 F. App'x 938, 940 (10th Cir. 2004) (unpublished opinion) (quoting *McKinney v. Oklahoma*, 925 F. 2d 363, 365 (10th Cir. 1991)). In contrast to *Lee*, however, the issues regarding CIGNA's legal relationship to LINA and its lack of involvement in Plaintiff's LTD claim are not presented by the Complaint or documents incorporated therein or integral to Plaintiff's allegations; they are presented in the Barlow affidavit. Thus, *sua sponte* consideration of these issues would require reliance on materials outside the pleadings and conversion of the motion to a summary judgment motion. *See, e.g., Jacobsen*, 272 F. 3d at 941 and discussion, *supra*.

11

to dismiss for lack of personal jurisdiction [Doc. No. 9] is DENIED. Plaintiff's Amended Complaint must be filed no later than 14 days from the date of this Order; the response(s) shall be filed in accordance with the deadlines in the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 14th day of June, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE